Good morning, Your Honors. It may please the Court, Gary Finn on behalf of the petitioner Marco Sarinana Guridi. Your Honors, even if you were to assume that my client admitted to having possessed marijuana, either in Mexico or in the United States, of course he denied that at his removal hearing, although even if you were to assume that to be true based on his sworn statement, my client was a lawful permanent resident who had taken a short and brief and innocent trip to Mexico and he was detained at a port of entry coming back into the United States. According to the government, a very, very small, what they would call an unmeasurable amount of marijuana was discovered in his car. And then my client, according to the government's version of what happened, admitted having possessed marijuana in the past, both in California and in Mexico. I believe, Your Honor, that even if we accept all this is true, that it violates equal protection to order this man removed. It was a completely fortuitous thing that he's discovered in Mexico with the marijuana. If he had been discovered in California with the same very small amount of marijuana under California law, it would have been a $100 ticket that he would have had to pay. Don't we have cases that say that someone who's in the United States and someone who is attempting to enter or re-enter the United States can be treated differently? They can if they fall into one of the exceptions, Your Honor, that's at Section 8 U.S.C. 11-01. I thought you were making a constitutional argument that this is somehow an equal protection violation. Is that your argument or are you making a statutory argument? Well, I'm making both arguments, Your Honor. I'm saying that the respondent should not have been treated as an arriving alien under the statute. And that issue you did not exhaust before the board. Am I right about that? That's true. I wasn't the attorney representing the defendant. Well, I don't mean you personally. Your client did not make that argument to the Board of Immigration Appeals, correct? That's true, Your Honor. But the Rivens case where the Board of Immigration Appeals clarified that the burden is on the Department of Homeland Security to establish, to prove that a lawful permanent resident returning from a brief visit abroad, the government bears the burden of establishing in the first instance that the lawful permanent resident should be treated as an arriving alien. And it's no small matter in this case because... Well, I don't know why you conceded so readily that your client didn't raise that argument to the BIA. Because the way I read the record on ER-19, which is the brief to the BIA that was filed, he does argue that, he says, the appellant contends that the sworn statement should not have been sufficient to prove his removability. And then he gives reasons why. So isn't that making the argument? Well, I mean, it is arguing that the whole situation I think was unfair. I don't think that's what the argument is. He's saying that it was not sufficient evidence. The sworn statement should not have been sufficient. Because it was contradicted by his testimony at the hearing. Right, so he couldn't take that and make a reliable decision. That's what he was arguing. I mean, that's the way I read this argument. Well, I mean, my argument is that it's unfair to treat a lawful permanent resident in this way. Fairness isn't an argument that you deal with in the immigration law, right? Well, seldom. Fairness, legal protection, due process. No, we have to look at the statute. We have to look at the arguments that were made or not made to see whether they're waived or not waived, to determine whether or not we have jurisdiction to consider the argument. Right. And, you know, I think that, well, for several reasons, I mean, Your Honor makes a good point, I think. I'm not here to argue the case for you. It's just that I just didn't see that that was an exhaustion. I have another question for you, though. Isn't your client entitled or wouldn't he be eligible for a waiver of inadmissibility? He might have been eligible, Your Honor, under Section 212H, but that was never raised at the time of his hearing. Why doesn't anyone move to reopen the proceedings to see if he could get a waiver of inadmissibility? That's something that could be done. I think it might require the petitioner to allege ineffective assistance of counsel against his prior attorney. He was a bit reluctant to do that, but I think that it is a good idea. Perhaps the motion would be untimely, but there may be a way to excuse it. Has your client been convicted of a criminal offense? He has never been convicted of any criminal offense. So doesn't he fit within the new criteria of the president on how to treat these sorts of situations? I mean, he's never been convicted of a criminal offense. This is true. So he's unlike the first case that we heard. Right. My client has never been convicted. He's been in Mexico. That might cause him a problem in terms of the physical presence. The first case law says you can pursue your rights. I mean, he does have a U.S. citizen child. Yes, he does. I mean, he has some meritorious factors under the recent memos that have been issued by the president. That's true. Well, I mean, if we could ask the government their feelings, but I think that if the government was willing to have the matter go into mediation, we could certainly discuss that. I think it's a great idea. It's a little bit unusual in that my client is a permanent resident. That's the whole point. He's a lawful permanent resident. Right. The only thing you have in the record that he even possessed marijuana, no conviction for it, he wasn't found with it, was that I gathered there was something on his car, some part of his car. According to the government, they discovered a very small, unmeasurable, as they call it, amount of marijuana in the car. And because of that, my client was questioned at the port of entry and then, according to the government's version, admitted having used and possessed marijuana on a couple of different occasions. But like you say, Your Honor, I mean, he's never been convicted. I also think there may be an equal or there is an equal protection argument because a person who has been convicted and then gets a conviction like this expunged would not be deportable or inadmissible at all, whereas a person like my client who's never even been convicted can be banished for life from the United States. I think it sort of shocks the conscience in a way. So I think there's that due process argument. But I do believe, Your Honor, and I appreciate the suggestion that it would be good, I think, for us to explore some of the options that you mentioned. Have you talked to the government counsel about exploring some options, taking this to mediation? I haven't talked to them about it to this point, Your Honor. Well, why don't we find out what their view is? Why don't we talk to them about it? You have about a minute and a half if you'd like to say a few words. Actually, I'd rather have you talk to the government than me, but that's fine. We're about to. Ms. Shostker. Jane Shostker again for the respondent. We have reviewed this case. We have looked at this case in light of the President's memos. We've had conversations with the Department of Homeland Security about this case. And because the alien here is in Mexico, when he was apprehended at the port of entry, he opted to return to Mexico rather than to await his immigration hearings and then again return to Mexico after the immigration judge rendered his decision. Unfortunately, there's nothing we can do for him now in terms of... So I don't understand that. Why is the fact... I mean, you deported him. So if he were here, then he'd be violating 1326. So why is the fact that he's there held against him? Well, he had a difficult choice to make. He could have remained in detention to wait the outcome of his appeal, but he opted to return to Mexico. And in order to qualify for relief based on his USC child, his U.S. citizen child, he has to show continuous physical presence over a certain period of time. And regardless of how his decision to pursue this from Mexico rather than from detention in the United States, his trips to Mexico where he admitted using marijuana would have broken that continuous physical presence. So just so I understand, his choice was to stay in detention. How long had he been in detention? He was only brought to the United States for his hearings. He was not detained for any lengthy period of time. So his option at that point was to stay in detention for the two years or more that his appeal takes, his appeals, or to be free in Mexico? Not an ideal choice, but a number of aliens. In fact, in the first case, the alien opted to remain in detention and eventually received a bond appeal and was released. He was in detention for two years. Because of the length of these proceedings, it's possible that he would have been eligible for bond, that he would not have been in proceedings for that length of time. I want to pursue half of your comment that I think I heard. Is it the government's position that because of the admission of the commission of the crimes, even though he's never been convicted, he would not have been eligible for relief even had he remained in the United States? Is that your position? It sounded like that's what you were saying because of the nature of what he admitted, that it wouldn't have helped him to stay, but I'm not sure if that's what you were trying to say. Oh, sure. No, I'm sorry. The admissions wouldn't necessarily affect his eligibility for prosecutorial discretion under the new memos. Are you talking about the Cole memo? Yes, the November 20th memos in response to the president's executive action. The admissions are not disqualifying. It's the fact that he's in Mexico and he can't establish the physical presence and that his first trip to Mexico, the first trip where he went back shortly after he received his lawful permanent residence status and smoked marijuana at a party in Mexicali and then tried to return to the United States. He broke the continuous physical presence even had he remained. I see what you're saying. Has that been litigated? The counsel suggested he might do a motion to reopen. Doesn't that have to be... He's certainly free to file a motion to reopen alleging ineffective assistance of counsel. There's a question as to whether he would be able to establish that he acted with due diligence in pursuing that ineffective assistance of counsel claim. It's been some years now since the board rendered its decision. Ordinarily, a motion to reopen has to be filed within 90 days unless he can show that he acted with due diligence. And it sounds counsel admitted that there were discussions with his client about an ineffective assistance of counsel claim and he declined to pursue it. So he couldn't even argue that he only just learned that he may have received... Look, there's a bit of a struggle here because it was a measurable amount of marijuana that we're dealing with. And at the very outset of the case, it sort of affects my perspective on the matter, particularly because I come from the state of Washington. So if he was entering the country from Canada and he was going back to his home state of Washington and had a measurable amount of marijuana in his car, does that alter the analysis as to equal protection? He happened to be going into California. It happened to be some sort of a crime in California. But I don't see how the fact that he smoked some marijuana in Mexico alters the analysis. Right, and it's not a distinction between the California law, the Oregon, the Washington law, and it's not that he necessarily that he smoked marijuana in Mexicali. It's that the federal law, 21 U.S.C. 844A, he violated the federal law... By doing what? By knowingly or intentionally possessing marijuana without a doctor's prescription. And when he was apprehended at the port of entry, the... Right, I understand the facts of the entire panel, but then how does the Cole Memo and the government's approach on not, in fact, involving itself with the enforcement or the laws that have been passed by Oregon, Washington, and Colorado, legalizing personal use, how does that impact it? Since the government itself is saying we're not going to, in fact, under the Cole Memo, unless it affects one of the eight categories in that memo, is not going to bother the states in the way they handle the marijuana matter. Okay, and I apologize. When you asked about the Cole Memo and I said yes, it was the Cole Memo, I misspoke. It's not the Cole Memo. It's not Cole? It's the president's new policy. I think he did it by executive order. Well, there is, in fact, a memo out of DOJ called the Cole Memo that has eight particular points. That's true. So that's what I was referring to. Right, and I apologize. I thought you were referring to the DHS memo when I said yes. I was referring to the Cole Memo. Okay, I apologize for the confusion. I was referring to the DHS memos. It doesn't alter the point that the government itself is saying that in states where it's legal, they're not going to bother them unless it affects one of those eight points of emphasis that the government thinks it has to act on. Right, but here the immigration laws govern who can come into the United States and who must be removed from the United States. And there are different standards applied to aliens who are outside of the United States and seeking admission into the United States regardless of the state. I do think, though I facetiously said that fairness doesn't enter into the immigration law because you see so many of these very hard cases. This is one of those to me where, I mean, say out of the country when he has a U.S. citizen child and you're saying you're not even going to go into mediation and kind of work it out. We don't know for sure whether he could meet continuous. That's not been litigated, so I can't agree with you that for sure he couldn't meet that. Well, and certainly that hasn't been litigated. I can assure you, though, I have had conversations with the chief counsel's office at the Department of Homeland Security. I've outlined the equities in this case with them, and their position now is that he does not fall within the president's DHS memos because he's in Mexico. Those memos are about removal priorities. Because he's not here, he's not a removal priority. I see what you're saying. The whole legal basis is the exercise of prosecutorial discretion for those who have not been removed. Right. He's already been removed. He's in Mexico. He doesn't benefit. Okay. You didn't explain that at the beginning. Now I see what you're saying, that it's the exercise of prosecutorial discretion that's permitting the department to decide which cases are a priority, but there's nothing really for them to exercise their discretion on in this case because he's already outside the country. So he's really left with bringing a motion to remand based on ineffective assistance of counsel. Well, here's a thought and a further question. You may not have the authority to answer this, but I understand why your position is that mediation would be unhelpful with respect to direct prosecutorial discretion. Would it be equally unhelpful or not to discuss the possibility of a late-filed motion to reopen on the basis of ineffective assistance? We certainly have no objection to his pursuing such a motion, but we cannot tell the board how to decide such a motion. No, but it might make a difference if the government doesn't object. Right. And there have been instances, I think, in the past where there's been a joint motion to reopen, which is often favorably viewed. There, too, though, the basis for the ineffective assistance of counsel claim would be that he did not argue in his brief on appeal to the board that he should not have been charged as an arriving alien, but the board wouldn't have jurisdiction. Or that he would have been advised not to leave the United States. Right. That's certainly a possibility. I mean, that's the issue right now is he's in the wrong place to get relief. Right. Oh, yeah, for purposes of the current. Right. Yeah. So that's the general prejudice to him here. Do you think perhaps exploring that through mediation would be useful? It's obviously something you hadn't raised with DHS before. Certainly. I mean, certainly open to it, exploring it in mediation. Like I said, we can't tell the board how to decide, but maybe we can get DHS to agree not to oppose a late-filed motion to reopen. There's also an issue, and I haven't researched this, so I'm not sure of the status of the law. The fact that he's overseas may affect his ability, not overseas, but in Mexico may affect his ability. I'm not certain of the status of the law on the departure bar and would need to look into that as well. There's obviously a lot of issues to be considered with this case, so maybe we should just send it to mediation. You can look into it. Maybe there's no relief at all, but maybe there is. And if mediation is unsuccessful, it would be referred back to the panel for a decision. And then we'd have to decide that evidentiary issue. I think your last statement sort of acknowledged that the argument was made in the brief. Not well. No, we do not concede that he argued that he should not have been charged as an arriving alien. There's a difference between the argument that, as we see it, he argued that the sworn statement that he provided was insufficient to establish that he was inadmissible. That's different from questioning DHS's charging authority, whether they should have charged him as an arriving alien versus an alien who was removed. And as I understood your comment, it was that that was in fact would be one basis for an ineffective assistance claim that he failed to make that argument and should have. Right, but then he's making that argument now. He didn't make that argument before, but the board wouldn't have had jurisdiction to consider that argument because they don't have jurisdiction to weigh in on DHS's charging decisions. So even if he had... Then we get back into the prosecutorial discretion area. Right. Okay, you've exceeded your time. We've taken it mostly with questions. Certainly, certainly. Just very quickly, I understand the difficulties in this case. Congress has drawn the lines where they've drawn the lines. Because he was outside the United States seeking admission to the United States, the fact that he admitted having committed an act which constitutes the essential elements of a federal drug offense renders him inadmissible. Thank you, counsel. Mr. Finn, you have a little bit of time remaining. Well, just to amplify on some of the things that counsel said, I think that another ground of ineffective assistance of counsel by counsel before the Board of Immigration Appeals and the immigration judge would have been the failure to seek a waiver under Section 212H. I believe you mentioned that, Your Honor, Judge Wardlaw. That's what I think he should have done. Right, right. I agree. I think he should have done that, too. You could still file a motion to reopen to do that. Right. And I will look into doing that, Your Honor. The other thing I wanted to say in response to what Judge Shea said about the equal protection argument, of course, in the state of Washington, marijuana is legal, and I believe the federal government has agreed not to apply federal law in states that make marijuana legal. Even in California. Have they done that with respect to immigration specifically, though? I don't know. That would be interesting to know. That's quite a different question as to whether they'll go after someone in Nebraska or Washington or North Dakota who has marijuana in one of those states versus what to do with someone who's an arriving alien or returning, however you want to put it. Yeah, that's an interesting question, but since I don't practice in Washington, I really don't know the answer. The last thing I want to say real quickly is even in California, I believe the very small amount of marijuana that this individual may have possessed would just be an infraction, which in immigration law is not a crime at all, not considered to be a crime. So based on that, I don't think that my client was even properly found inadmissible. That was the question I had, and I couldn't find anything in your brief as to whether or not the amount that he had would be a violation of even California law. I don't think it would be, but I don't have any research on it. It wouldn't be now, although at the time, it would have been because California law was changed just in the last year. But the question is whether it's a violation of federal law directly, because that's the way the case proceeded. That's what made him inadmissible, was that he admitted to facts that were in violation, put him in violation of a federal statute, even if there were no state law involved. So I'm not sure why it matters what it would have been treated as under California law. Well, it matters what elements he actually admitted to, because we've had other cases like this where we've said, well, he didn't admit. I think your client actually admitted that he had possessed within California or the United States, as opposed to some specific place where it wasn't. According to his sworn statement, he did say that he had possessed marijuana in San Diego. San Diego. Yeah. But in closing, since government counsel is open to mediation, if the panel chose to order this matter into mediation to see if we can work something out, that would be fine with the petitioner. Thank you very much. Thank you, counsel. The case just started. It's submitted, and we definitely appreciate the helpful comments from both of you.
judges: Shea, Graber, Wardlaw